UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| GLENWOOD W., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:17-cv-00353-JAW |
| | ) | |
| SOCIAL SECURITY | ) | |
| ADMINISTRATION | ) | |
| COMMISSIONER, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER GRANTING APPLICATION FOR ATTORNEY'S FEES**

The Court addresses various objections by the Acting Commissioner of the Social Security Administration to an attorney's fee application under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. The Court accepts the objection to the paralegal rate because the Plaintiff has not carried his burden of proving the reasonableness of the rate for which he applied. The Court rejects the Commissioner's general contention that legal work prior to the filing of a complaint is noncompensable under the statute; however, the Court sustains the Commissioner's objection to three pre-litigation entries because the Plaintiff did not address the Commissioner's objection and did not adequately explain the entries. The Court rejects the Commissioner's repetitive objection to lawyers billing at an attorney's rate for work a paralegal could have performed. The Court grants the application in the amount of $ 4,366.41.

I.  **BACKGROUND and THE PARTIES' POSITIONS**

On April 30, 2018, Mr. W. filed a motion for attorney's fees, requesting an award under the EAJA of $4,668.01 based on an itemized bill. *EAJA Appl. for Fees and Expenses* (ECF No. 25) (*EAJA Appl.*). The bill charged 22.70 hours of attorney time at $198.15 per hour and 1.70 hours of paralegal time at $100 per hour for a total of $4,668.01. *Id.* Attach. 1, *Ex. A*. On May 15, 2018, the Commissioner filed her opposition to the fee application. *Def.'s Opp'n to Pl.'s EAJA Appl. for Fees and Expenses* (ECF No. 26) (*Def.'s Opp'n*). On May 29, 2018, Mr. W. replied. *Reply Mem. re EAJA Fee Appl.* (ECF No. 27) (*Pl.'s Reply*).

A.  **The Commissioner's Position**

The Commissioner objects to EAJA application on fours grounds: (1) that it seeks an unreasonable paralegal rate; (2) that it seeks compensation for consultative tasks undertaken prior to the filing of the action; (3) that it includes one erroneous time entry; and (4) that Mr. W.'s counsel seeks reimbursement at a lawyer's rate for work that nonlawyers could have performed. *Def.'s Opp'n* at 1, 4-5. She argues for an award of attorney's fees in the amount of no more than $4,213.19. *Id.* at 7-8.

The Commissioner urges the Court to reduce the paralegal rate from $100 to $90 per hour to reflect a reasonable paralegal rate. *Id.* at 2-4. The Commissioner cites caselaw indicating that $90 per hour is a reasonable rate, and she critiques the lack of countervailing authority in the record to support Mr. W.'s preferred rate. *Id.* She also argues that, in his application, Mr. W. "make[s] no effort to support his conclusory assertion" that his preferred rate is reasonable and that thus he fails to

carry his burden of establishing such reasonableness. *Id.* at 2, 4 (citing *Manniello v. Berryhill*, No. 1:17–cv-00051-GZS, 2018 WL 881757, at *2 (D. Me. Feb. 14, 2018) (collecting cases), *aff'd*, 2018 WL 1123861 (D. Me. Mar. 1, 2018)). The Commissioner also anticipatorily rejects any effort by Mr. W. to bolster his argument in reply, contending that the EAJA application is the only proper vehicle for such representations. *Def.'s Opp'n* at 4.

The Commissioner argues that consultative tasks undertaken prior to the filing of a federal civil action are not compensable under the EAJA. *Id.* at 4-5. She claims that the following itemized entries have these characteristics and, thus, should be excluded:

> (1)    0.9 Attorney Hours on 07/24/17 (Review denial. Review of file. Letter to client.)
> (2)    0.3 Paralegal Hours on 07/25/17 (Telephone call with client re: forms.)
> (3)    0.1 Attorney Hours on 07/31/17 (Receipt and review of signed forms from client.)

*Def.'s Opp'n* at 5.

She also urges the Court to reduce 1.1 hours of attorney time to the paralegal rate, because in her view, Attorney Jackson was including as attorney time what were "ministerial or clerical tasks" or "non-core legal work." *Id.* at 5-6. Relying on *Sinclair v. Berryhill*, 284 F. Supp. 3d 111, 116–17 (D. Mass. 2018) and *Kimball v. Shalala*, 826 F. Supp. 573, 576 (D. Me. 1993), the Commissioner objects to the following itemized entries:

> (1)    0.1 Hours on 09/12/17 (Receipt and review of email re: order granting in forma pauperis.)
> (2)    0.1 Hours on 09/18/17 (Prepare letter regarding service of summons and receipt and review of order.)

3

> (3) 0.1 Hours on 10/13/17 (Receipt and review of electronic order.)
> (4) 0.1 Hours on 10/13/17 (Prepare affidavit of service for paralegal to sign.)
> (5) 0.1 Hours on 10/17/17 (Receipt and review of email re: deadlines)
> (6) 0.2 Hours on 11/21/14 (Receipt and review of answer and transcript notice. Confirm receipt of record.)
> (7) 0.1 Hours on 12/20/17 (Receipt and review of notice of appearance for Attorney Bolen.)
> (8) 0.1 Hours on 1/11/18 (Review of email correspondence re: extension.)
> (9) 0.1 Hours on 1/17/18 (Receipt and review of order and email re: schedule.)
> (10) 0.1 Hours on 1/24/18 (Receipt and review of notice re: deadlines. Receipt and review of notice of appearance for Attorney Carter.)

*Id.* at 5-6; *EAJA Appl.* Attach. 1 *Itemization* (*Itemization*).

Next, the Commissioner states various objections to an entry for 0.9 hours at the attorney rate on September 11, 2017 to "Draft and file complaint and summons, letter and motion for leave to proceed in forma pauperis." *Id.* at 6. First, she claims that it mixes "core legal work, such as drafting the complaint," with other work, such as filing the complaint and summons. *Id.* Second, she contends that the Complaint was "largely pro forma in nature and similar to the complaint filed by Plaintiff's counsel in every Social Security case" and thus she is dubious of the amount of time that drafting it required. *Id.* However, she does not argue for reducing the total amount of time for the entry; rather, the Commissioner argues for bifurcation of the entry into one portion at the attorney rate and the other at the paralegal rate:

> (1) 0.5 hours of attorney-rate time for drafting the complaint
> (2) 0.4 hours of paralegal-rate time for filing the complaint and preparing the summonses

*Id.*

The entry that the Commissioner claims is erroneous is one for 0.3 hours of attorney time on January 22, 2018 for "Receipt and review of recommended report and decision dated[.]" *Def.'s Opp'n* at 6-7. She argues that not only does the entry omit the date of the recommended report and decision referenced but that it does not correspond with the travel of the case, as reflected in the docket. *Id.* at 7. Therefore, she concludes that the entry must reflect work unrelated to this case. *Id.* at 6. Quoting *Haskell v. Soc. Sec. Admin. Comm'r*, No. 1:11–cv–289–GZS, 2012 WL 1463300, at *2 (D. Me. Apr. 24, 2012), *aff'd*, 2012 WL 1715256 (D. Me. May 15, 2012), the Commissioner argues that, even if the entry does correspond to this case, that it is an entry "for certain case-related events rather than recording actual time reasonably expended in the interest of the client." *Def.'s Opp'n* at 7 (quoting *Haskell*, 2012 WL 1463300, at *2). Accordingly, the Commissioner requests that the Court eliminate the 0.3-hour entry. *Def.'s Opp'n* at 7.

B. **The Plaintiff's Reply**

The Plaintiff argues that while $90 per hour was a reasonable paralegal rate in 2014, it is no longer the market rate in Portland, Maine. *Pl.'s Reply* at 2. He states that the issue of the "correct current paralegal rate" is now pending in the case of *Cline v. Berryhill*, No. 1:17-cv-00282-GZS, and he suggests that the Court stay action in this case until *Cline* is resolved. *Id.* at 1. Counsel for Mr. W. posits that his client, not himself or his firm, is the ultimate beneficiary of any EAJA award, and that thus he has an ethical obligation to seek the highest award available consistent with the law and facts of the case. *Id.* at 2-3.

Mr. W. says that the hours reflected in his EAJA application are reasonable and modest. *Id*. at 3. He cites caselaw to support his observation that the Commissioner has repeatedly lost challenges premised on very similar arguments. *Id*. at 3 (citing *Pelletier v. Comm'r of Soc. Sec.*, No. 1:17-cv-000073-NT (D. Me. Dec. 20, 2017); *Tyrrell v. Berryhill*, 2:16-cv-00628-JAW, 2018 WL 1605123, at *1 (D. Me. Apr. 3, 2018); *Hamm v. Comm'r of Soc. Sec.*, 2:16-cv-00627-DBH, 2018 WL 2007520 (D.Me. April 30, 2018), *aff'd*, *Hamm v. Berryhill*, 2018 WL 2224244 (D. Me., May 15, 2018)). He states that the challenged entries are consistent with counsel's ethical obligations to stay abreast of the developments in the case, and he observes that the Commissioner's litigation posture influences the amount of time required to prepare and resolve a case. *Pl.'s Reply* at 3-4. Mr. W. admits that the 0.3-hour entry for January 22, 2018 is indeed erroneous, and he therefore agrees that it should be deducted, reducing the overall award by $59.45. *Id*. at 4.

## II. DISCUSSION

### A. Suggestion of a Stay

As a preliminary matter, Mr. W. suggests that the Court delay an order in this case to allow for the resolution of *Cline v. Berryhill*, No. 1:17-cv-00282-GZS (*Cline*) because there is a common issue: the proper paralegal rate in the Portland, Maine area. The Commissioner objects, pointing out that Mr. W. does little to advance an argument for his preferred paralegal rate and instead simply makes cross-reference to—but does not restate—the arguments that his counsel, who also represents the plaintiff in *Cline*, made in that case. *Def.'s Opp'n* at 3-4.

6

The Court declines to accept Mr. W.'s suggestion. To do so would entail unjustified delay. According to the docket, the motion for attorney's fees in *Cline* was ready for decision on April 23, 2018, and on the same date, the district court referred the application to the Magistrate Judge. *Cline, Reply Mem. Re App. for EAJAS Fees* (ECF No. 19). Once the Magistrate Judge rules in *Cline*, his ruling would be subject to appeal to the district judge, and the district judge's ruling to appeal to the First Circuit.

Although the record on the paralegal rate might be more fully developed in *Cline*, the positions of the parties on the proper paralegal rate are not new and Attorney Jackson could have developed the same record for this case. Instead of waiting, the Court prefers to move forward and expeditiously resolve the matter before it.

B.   **The Paralegal Rate**

In a recent Social Security case before the Court, the Court accepted $90 per hour as a reasonable rate for paralegal services. *Tyrrell v. Soc. Sec. Admin. Comm'r*, 2:16-cv-00628-JAW, *Order Affirming Recommended Decision on Appl. for Attorney's Fees* at 4 (ECF No. 30) (*Tyrrell Order*). In this motion, Mr. W. has failed to muster a record for his argument that the $90 hourly rate for paralegals is too low. He makes a conclusory assertion in the EAJA application that $100 per hour is reasonable, and in his reply he refers to arguments made in another case.

This is insufficient. Mr. W.'s counsel has fashioned fulsome arguments about reasonable rates for paralegal services in other cases. *E.g., Poissant v. Soc. Sec.*

7

*Admin. Comm'r*, No. 2:13-cv-00162-GZS, *Suppl. Aff. Regarding Rates for Paralegal Fees* (ECF No. 32). He makes no such effort here. As such, the Court accedes to the Commissioner's argument that the Court calculate the award using a paralegal rate of $90 per hour.

**C.     Time Spent Prior to Filing the Complaint**

The Commissioner argues that time spent preparing a case prior to its filing is noncompensable under the EAJA. The EAJA provides that courts:

> shall award to a prevailing party . . . fees and other expenses incurred by that party in any civil action . . . in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). The Supreme Court has instructed that "5 U.S.C. § 504(a) . . . was enacted at the same time as § 2412, and is the only part of the EAJA that allows fees and expenses for administrative proceedings conducted prior to the filing of a civil action." *Melkonyan v. Sullivan*, 501 U.S. 89, 94 (1991).

The Commissioner challenges three entries from July 24 through July 31, 2017 on the basis that they predated the filing of the Complaint. They are: (1) a July 24, 2017 review of the case file and administrative denial and drafting a letter to the client (.9 hours), (2) a July 25, 2017 telephone call between a paralegal and the client regarding forms (.3 hours), and (3) a July 31, 2017 receipt and review of signed forms from client (.1 hours). *Def.'s Opp'n* at 5; *Itemization* at 1. The last administrative action taken in Mr. W.'s case was the Social Security Appeals Council's decision of

July 14, 2017, *Administrative Record* at 24-33 (ECF No. 9), and he filed his Complaint on September 11, 2017. *Compl.* (ECF No. 1).

Courts have repeatedly rejected the Commissioner's general position that no legal work before the filing of a complaint is compensable under the EAJA. *Sinclair v. Berryhill*, 284 F. Supp. 3d 111, 116 (D. Mass. 2018); *Cogswell v. Barnhart*, No. 04-cv-171-P-S, 2005 WL 1513121, at *2, 2005 U.S. Dist. LEXIS 12491, at *6 (D. Me. Jun. 24, 2005) ((services performed in preparation for the litigation and not as part of the prior administrative proceeding are compensable, even when "performed a few days prior to the filing of the complaint"), *report and recommendation adopted sub nom. Cogswell v. Soc. Sec. Admin. Comm'r*, No. 04-cv-141-P-S, (D. Me. Jul. 20, 2005); *Gough v. Apfel*, 133 F. Supp. 2d 878, 880 (W.D. Va. 2001) ("The EAJA does not prohibit compensation for time expended in preparation for the filing of a civil action"). It is true that "fees for services rendered at the administrative level are non-compensable under the EAJA in the absence of a court-ordered remand." *Cogswell*, 2005 U.S. Dist. LEXIS 12491, at *6. However, if the legal work was "necessary to initiate the civil action," it is compensable. *Sinclair*, 284 F. Supp. 3d at 116.

In his reply, However, Attorney Jackson failed to address the Commissioner's argument on this issue, stating instead, "There is little point in reiterating the Commissioner's arguments and rebutting them line by line. They are essentially unchanged from [*Hamm v. Berryhill*, No. 2:16-cv-00627-DBH, 2018 WL 2224244 (D. Me. May 15, 2018)]." *Pl.'s Reply* at 3.

9

A review of the Commissioner's arguments in *Hamm* reveals that she did not contend that any entries in the EAJA application in that case were noncompensable because they represented work done prior to the filing of the complaint. *Hamm v. Berryhill*, No. 2:16-cv-00627-DBH, *Def.'s Opp'n to Pl.'s EAJA Application for Fees and Expenses* (ECF No. 30). As Attorney Jackson drafted the Complaint on September 11, 2017, the services whose compensability the Commissioner contests did not come within "a few days" of the filing of the complaint, but rather nine weeks prior. *Cogswell*, 2005 U.S. Dist. LEXIS 12491, at *6. There may be a basis for concluding that these services were "incurred . . . in [this] civil action" so as to be compensable under the EAJA, but Attorney Jackson has not provided it. 28 U.S.C. § 2412(d)(1)(A).

Although the Court rejects the Commissioner's position that all legal services before the filing of complaint are categorically non-compensable under the EAJA, the party seeking an EAJA order on attorney's fees retains the burden to demonstrate the fees are compensable. Here, Attorney Jackson failed to do so as regards the three contested entries; thus he waived any argument contrary to the Commissioner's position. For that reason, the Court sustains the Commissioner's objection to those entries, reducing the attorney's fee award by $27, representing .3 hours of paralegal time at $90, and $198.15, representing 1 hour of attorney time, for a total of $225.15. The Court is not ruling on the merits on this issue, and does not view this ruling as creating any precedent relevant to any future attorney's fee application, where Attorney Jackson has responded to the Commissioner's argument about the compensability of work performed prior to the filing of the complaint.

### D. Attorney's Rate for Certain Tasks

In a recent Social Security appeal, the Court discussed the underpinnings of its rejection of the Commissioner's contention that a lawyer may not be compensated under the EAJA at a lawyer's rate when he performs tasks that a paralegal could also perform. *Tyrrell Order* at 7-14. The Court declines to reiterate its views at length, but it restates one of its key conclusions: "there is a distinction between a lawyer performing strictly secretarial tasks and performing tasks that a paralegal may also perform. If a lawyer does the work, the former may not be billed at a lawyer's rate; the latter may." *Tyrrell Order* at 16.

The entries that the Commissioner challenges here are strikingly similar to those she challenged in *Tyrrell*. *Tyrrell Order* at 3-4. Indeed, the entry that she calls most attention to—0.9 hours of attorney time on September 11, 2017 to "Draft and file complaint and summons, letter and motion for leave to proceed in forma pauperis"—is identical to an entry to which she objected in *Tyrrell*. The Court rejected her objections in that case, and it does the same here for the same reasons.

### E. Summary

The Court reduces the paralegal rate in the EAJA application to $90 per hour. Applying this rate to the 1.7 hours applied for yields $153.00 for paralegal time. The Court reduced the pre-litigation paralegal time by .3 hours and, having just reduced that time to $90 per hour, the Court reduces the EAJA application for paralegal time by $27. The net amount of paralegal time is $126.00.

Mr. W.'s counsel concedes that he erroneously submitted 0.3 hours of attorney time for January 22, 2018. In addition, the Court reduced the pre-litigation attorney time by 1 hour at $198.15, representing time that Attorney Jackson failed to demonstrate was connected with the subsequent litigation.

Deducting that amount and rejecting the Commissioner's other objections, the Court calculates 21.4 attorney hours at a rate of $198.15 per hour for a total of $4,240.41 for attorney time and $126.00 for paralegal time. The grand total amount awarded is $4,366.41. This sum is reasonable and falls within the range of other EAJA applications have yielded in recent cases. *Tyrrell Order* at 15.

## III. CONCLUSION

The Court OVERRULES in part and SUSTAINS in part the Defendant's Opposition to Plaintiff's EAJA Application for Fees and Expenses (ECF No. 26). The Court GRANTS in part and DENIES in part the Plaintiff's EAJA Application for Fees and Expenses (ECF No. 25) in the total amount of $4,366.41.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 26th day of June, 2018